UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>        Plaintiff,<br><br>    v.<br><br>ESCOBAR, *et al.*,<br><br>        Defendants. | Case No. 2:21-cv-02118-JAM-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 3<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL OF CLAIMS AND PARTIES, OR<br><br>(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

   Plaintiff, a civil detainee, alleges that defendants violated his rights by both placing him in a cell block where he had safety concerns and ignoring his requests for mental health treatment. ECF No. 1 at 2-3. The two claims are insufficiently related to proceed in the same suit. I will give leave to amend before recommending that parties or claims be dismissed. Plaintiff has also filed an application to proceed *in forma pauperis*, which I will grant. ECF No. 3.

**Screening Order**

**I.     Screening and Pleading Requirements**

Plaintiff is a civil detainee and, thus, his complaint must be screened under 28 U.S.C. § 1915(e)(2)(B). *See Koch v. Price*, No. 1:18-cv-01693-DAD-SAB (PC), 2019 U.S. Dist. LEXIS 7324, *1 (E.D. Cal. Jan. 14, 2019) ("Plaintiff is a civil detainee rather than a prisoner, he is proceeding in forma pauperis and the complaint is therefore subject to screening under 28 U.S.C. § 1915(e)(2)(B)."). Under that section, a court must dismiss a complaint or portion thereof if the claimant has brought a claim that is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Analysis

Plaintiff alleges that, in October 2021, while he was detained at California State Prison-Sacramento, defendant correctional officers Escobar, Rios, and Bonache violated his rights by placing him in "B-Facility," an area of the prison about which he had safety concerns. ECF No. 1 at 3. He alleges that their intent was to have him assaulted by an officer named Lebeck. *Id.* at 8. Plaintiff does not allege whether any actual harm from Lebeck or anyone else befell him in the facility, however. Separately, plaintiff alleges that, once he was sent to B-Facility, he became suicidal. *Id.* He alleges that he told defendant Escobar and a non-defendant officer named Alice that he needed mental health treatment and that they ignored him. *Id.* These two claims are insufficiently related. It may be assumed that plaintiff's mental health worsened because of his placement in a facility that he thought dangerous, but the violations at issue in the two claims are factually distinct. Whether correctional officers assigned plaintiff to a dangerous facility is a separate question from whether they ignored his pleas for psychiatric treatment. These two claims cannot, as articulated, proceed in the same suit. Plaintiff must either select one or explain how his claims are sufficiently related so as to proceed together. I will give him leave to amend.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that claims or parties be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 3, is GRANTED.

2. Within thirty days from the service of this order, plaintiff must either file an Amended

3

Complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that claims or parties be dismissed.

    3. Failure to comply with this order may result in the dismissal of this action.

    4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   June 6, 2022                                     /s/ Jeremy Peterson
                                                        JEREMY D. PETERSON
                                                        UNITED STATES MAGISTRATE JUDGE