UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>    Plaintiff,<br><br>v.<br><br>ESCOBAR, *et al.*,<br><br>    Defendants. | Case No. 2:21-cv-02118-DAD-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL; OR<br><br>(2) FILE A SECOND AMENDED COMPLAINT<br><br>ECF No. 11<br><br>THIRTY-DAY DEADLINE |

      Plaintiff alleges that, while incarcerated in California State Prison Sacramento, defendants Rios and Bonache violated his Eighth Amendment rights by using excessive force against him. ECF No. 11 at 3.  Separately, he alleges that defendants Alice and Escobar violated his Eighth Amendment rights by ignoring his warnings that he was feeling suicidal. *Id.* at 4.  These allegations are not sufficiently related to proceed in the same lawsuit.  I will grant plaintiff an opportunity to amend and narrow his claims before recommending dismissal of claims or parties.

1

**Screening Order**

**I.        Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff raises two unrelated claims against more than one defendant.  First, he alleges that on October 12, 2022, defendants Rios and Bonache used excessive force when they put overly tight handcuffs on him and twisted his wrists.  ECF No. 11 at 3.  Second, he alleges that, around that same date, he was in his cell and began feeling suicidal.  *Id.* at 4.  He told defendants Alice and Escobar about his suicidal feelings and both allegedly ignored him.  *Id.*  These allegations involve different defendants and facts and are not suited to proceed in a single lawsuit.

Plaintiff may amend his complaint to include only related claims.  If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must either file another Amended Complaint or advise me that he wishes to stand by his current complaint.  If he selects the latter option, I will recommend that claims or parties be dismissed.

2. Failure to comply with this order may result in the dismissal of this action.

3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:     September 8, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3

4