UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ESCOBAR, et al.,<br><br>　　　　Defendants. | No. 2:21-cv-02118-DAD-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION OF THE ASSIGNED MAGISTRATE JUDGE'S OCTOBER 24, 2023 ORDER<br><br>(Doc. No. 30) |

Plaintiff Cymeyon Hill is a civil detainee proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 24, 2023, the assigned magistrate judge issued an order directing plaintiff to provide additional information to enable service of the complaint and summons on the defendants named in this action because plaintiff had not provided sufficient information for the U.S. Marshals to serve them.  (Doc. No. 28.)  On November 6, 2023, plaintiff filed a document with the title "Motion for Reconsideration by the District Court of the Magistrate Judge Ruling." (Doc. No. 30.)  The undersigned will construe plaintiff's filing as a "Request for Reconsideration by the District Court of Magistrate Judge's Ruling," as provided by Local Rule 303(c).  The standard of review for "all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)."  L.R. 303(f) (citing Fed. R. Civ. P. 72(a)).

1

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. Fed. R. Civ. P. 72 (a); *see also* L.R. 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." L.R. 303(f); *see also* 28 U.S.C. § 636(b)(1)(A). The magistrate judge's factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

In the pending request, plaintiff does not articulate any basis for reconsideration, nor explain how the magistrate judge's order is "clearly erroneous or contrary to law." As the magistrate judge explained in that order, plaintiff has repeatedly failed to provide sufficient information for defendants to be served, and the most recent USM-285 forms that plaintiff submitted on October 16, 2023 still failed to provide accurate addresses for defendants Rios and Bonache. (Doc. No. 28 at 1–2.) Thus, the magistrate judge's October 24, 2023 order, which provided plaintiff a final opportunity to provide accurate address or contact information for defendants was not clearly erroneous or contrary to law.

Accordingly,

1. Plaintiff's request for reconsideration of the magistrate judge's October 24, 2023 (Doc. No. 30) is denied; and

/////

/////

    2.       Within thirty days from the date of this order, plaintiff shall comply with the directives outlined in the magistrate judge's October 24, 2023 order.

IT IS SO ORDERED.

Dated:   **December 5, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE