UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>            Plaintiff,<br><br>      v.<br><br>ESCOBAR, *et al.*,<br><br>            Defendants. | Case No.  2:21-cv-02118-DAD-JDP (PC)<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EFFECT SERVICE ON DEFENDANTS<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff, a civil detainee, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Despite multiple opportunities to do so, plaintiff has not provided the U.S. Marshal with sufficient information to effect service on defendants Rios and Bonache.  Thus, under Federal Rule of Civil Procedure 4(m), I will recommend that this action be dismissed.

On November 14, 2022, I directed service on defendants Rios and Bonache under the court's E-Service pilot program.  ECF No. 16.  Process was returned unserved because CDCR could not identify either defendant.  ECF No. 18.  I directed plaintiff to provide additional information to facilitate service on these defendants.  ECF No. 20.  On May 8, 2023, plaintiff returned two completed USM-285 forms, ECF No. 21, and I ordered the U.S. Marshal to direct service on the two defendants.  ECF No. 22.  On September 7, 2023, the Marshal submitted the summons as unexecuted.  ECF No. 25.  Both unexecuted summonses have the same entry: "9/6/2023—Per CDCR, defendant is not an employee." *Id.*  I issued another order directing

plaintiff to promptly seek information on defendants' addresses through discovery, the California Public Records Act, Calif. Gov't. Code § 6250, et seq., or other available means. ECF No. 26. I also instructed plaintiff to provide physical addresses, since he had previously provided a P.O. box. *Id.* at 2. I instructed plaintiff to complete and return to the court, within thirty days, the USM-285 forms and summonses, which are required to effect service on the defendants. *Id.*

On October 16, 2023, plaintiff submitted the USM-285 forms but failed to provide new addresses for service on defendants Rios and Bonache. Indeed, he listed the same address I previously advised him was insufficient—"CSP Sacramento Prison, P.O. Box 290066, Represa CA 92671." On October 24, 2023, I issued a final order directing plaintiff submit the USM-285 forms with defendants' addresses and re-informed plaintiff that a P.O. Box address was insufficient. I again urged plaintiff to seek information for defendants' addresses through several available methods. ECF No. 28. I warned him that failure to do so would result in a recommendation of dismissal. *Id.* On November 6, 2023, plaintiff submitted two USM-forms bearing the same P.O. Box address for defendants. ECF No. 29.

If a defendant is not served within ninety days after a complaint is filed, the court must, after notice to the plaintiff, dismiss the action without prejudice. Fed. R. Civ. P. 4(m). While prisoners may rely on the U.S. Marshal's Office to serve a defendant, a district court may dismiss a prisoner's civil rights complaint for a failure to effect service when the prisoner fails to provide the Marshal with sufficient information to effect service. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)); *Wilson v. Moreno*, No. ED-CV-14-513-JAK (DFM), 2016 WL 827702, at *5 (C.D. Cal. Feb. 8, 2016) ("Courts regularly dismiss actions for failure to make service under Fed. R. Civ. P. 4(m) when a plaintiff provides the USMS with an inaccurate or obsolete address for a defendant."); *Hunter v. Galvan*, No. CV-21-01228-PHX-SRB (ESW), 2021 WL 5988597, at *1 (D. Ariz. Dec. 17, 2021) ("[W]here a prisoner fails to provide the USMS with accurate and sufficient information to effect service of the summons and complaint, a court's sua sponte dismissal of the unserved defendant(s) is appropriate.").

Plaintiff has been afforded multiple opportunities to provide an address or contact

information for defendants. As neither of the defendants have been served within the required time period, I recommend that this action be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

Accordingly, it is hereby RECOMMENDED that:

1. This action be dismissed without prejudice for failure to serve the defendants within the time specified under Federal Rule of Civil Procedure 4(m).

2. The Clerk of Court be directed to close this matter.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 16, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3